IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DIANE G. ALEXANDER,           *
      Plaintiff,           *
vs.                           *
                             CASE NO. 3:07-CV-10 (CDL)
                            *
BB&T CORPORATION, a North
Carolina Corporation and      *
survivor by merger with MAIN
STREET BANK, INC., a Georgia  *
Corporation, f/d/b/a MAIN
STREET MORTGAGE,              *
      Defendant,           *
vs.                           *
ALAN ALEXANDER, individually, *
      Third-Party Defendant. *
_____ *

O R D E R

Presently before the Court is Plaintiff Diane G. Alexander's Motion to Dismiss BB&T's Counterclaim (Doc. 11).[1] Plaintiff asserts that Defendant's claim for a declaratory judgment as to the rights and legal obligations between Plaintiff and Third-Party Defendant Alan Alexander ("Mr. Alexander") fails to state a claim upon which

---

[1] Plaintiff also filed a Motion to Strike Certain Affirmative Defenses of BB&T and Require BB&T to Replead Its Answer (Doc. 12). Under the Federal Rules of Civil Procedure, "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendant's answer and subsequent amendment, read together as a complete pleading, provide adequate notice of the bases for Defendant's defenses, and the Court declines to strike Defendant's pleadings at this time. Plaintiff's motion to strike, therefore, is denied.

relief may be granted. For the following reasons, the Court grants Plaintiff's motion.

## BACKGROUND

This litigation arises from the financing and sale of the marital estate of Plaintiff and her former husband, Mr. Alexander. Plaintiff alleges that Mr. Alexander engaged in a series of financing transactions, without Plaintiff's knowledge or prior approval, which encumbered the property to her detriment. Plaintiff further contends that Defendant's predecessor-in-interest, Main Street Bank, is responsible for damages she sustained upon sale of the property because: (1) it recorded multiple security deeds with the knowledge "that they contained false information about their execution by [Plaintiff]"; and (2) it "refused to remove [its liens] upon [Plaintiff's] demand and refused to allow the sale of her interest . . . without payment in full . . . ." (Compl. ¶¶ 64, 52.)

Plaintiff filed the present action on January 30, 2007, asserting claims against Defendant under the Georgia RICO statute, O.C.G.A. § 16-14-4, and for slander of title. On April 16, 2007, Defendant filed an Amended Answer, Counterclaim, and Third-Party Complaint. Counts II and III assert claims for contribution, indemnity, and breach of warranty against Mr. Alexander as a third-party defendant. According to Defendant, Main Street Bank relied on Mr. Alexander's representations that Plaintiff authorized and joined in the disputed refinancing transactions. (*See* Am. Answer,

2

Countercl., & Third-Party Compl. of Branch Banking & Trust Co. ¶¶ 4-7, 31-32 [hereinafter Am. Answer].) Defendant argues that, to the extent Plaintiff suffered any damages, "[Mr. Alexander] is liable . . . for the entire amount." (*Id.* at ¶ 12.)

Defendant believes that, "at its heart, this case is a dispute over the rights and liabilities of Plaintiff and her ex-husband relating to their marital residence and the proceeds from its sale." (BB&T Co.'s Opp'n to Pl.'s Mot. to Dismiss 5 [hereinafter Def.'s Opp'n Mem.].) According to Defendant, "a declaration of the respective rights and liabilities of Plaintiff and [Mr. Alexander] is necessary before any determination can be made with respect to BB&T." (*Id.* at 1.) Thus, in Count I of its amended pleading, Defendant asserts a joint counterclaim and cross claim seeking a declaratory judgment as to "the respective rights and liabilities of Plaintiff and Third-Party Defendant." (Am. Answer ¶¶ 2, 21.)

Plaintiff now asks this Court to dismiss Defendant's claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim. For the following reasons, the Court grants Plaintiff's motion and dismisses Count I of Defendant's amended pleading.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla.,*

3

*Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). "Of course, a formulaic recitation of the elements of a cause of action will not do." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)) (internal quotation marks omitted). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims. *Id.* at 1295, 1296 (internal quotation marks and citations omitted).

## DISCUSSION

Plaintiff argues that Defendant's request for declaratory relief fails to state a claim because it is beyond the scope of the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides:

> In a case of actual controversy . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Although "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate[,]" Fed. R. Civ. P. 57, district courts have broad

4

discretion "in determining whether and when to entertain" a claim for declaratory relief. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Pub. Serv. Comm'n v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952) ("This is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.").

The Declaratory Judgment Act serves the dual purposes of "affording one threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy, and avoiding multiplicity of actions by affording adequate and expedient means of declaring the rights and obligations of litigants in one action rather than several." *McDougald v. Jenson*, 786 F.2d 1465, 1481 (11th Cir. 1986) (citation omitted). In the present action, however, permitting Defendant to move forward with its claim for declaratory relief will do nothing to further either of these purposes.

First, deciding Defendant's counterclaim will not provide "an *early* adjudication of an actual controversy." *Id.* (emphasis added). All the facts and circumstances establishing the relative rights and liabilities of Plaintiff, Defendant, and Mr. Alexander have already occurred, and each fact and circumstance is at issue in this pending action. Thus, since Defendant presently is defending itself against Plaintiff's claims and asserts claims against Mr. Alexander, a declaration of the parties' respective rights will not permit Defendant to avoid the "threat[]" of potential future liability. *Id.*

5

Moreover, the present posture of the substantive issues provides "an adequate and expedient means of declaring the rights and obligations of [the] litigants." *Id.* Plaintiff contends that Defendant knowingly recorded false security deeds, and Defendant denies such knowledge by claiming it reasonably relied on Mr. Alexander's representations.[2] Thus, the substantive issues in this case are the same as the issue on which Defendant seeks declaratory relief—i.e., Plaintiff's and Mr. Alexander's rights and obligations with respect to the property. Put differently, Defendant's claim for declaratory relief is the same as its claimed defense and its claims against Mr. Alexander. The United States Supreme Court has repeatedly held that "no controversy exists when a declaratory judgment plaintiff attempts to obtain a premature ruling on potential defenses that would typically be adjudicated in a later actual controversy." *Medimmune, Inc. v. Genentech, Inc.*, __ U.S. __, 127 S. Ct. 764, 778 (2007); *see also*, *e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (disallowing prisoner's use of declaratory judgment action to determine the validity of a defense the State could raise in a future habeas proceeding); *Coffman v. Breeze Corps.*, 323 U.S.

---

[2]Defendant's pleadings specifically assert that: (1) "Plaintiff's alleged damages, if any, were not proximately caused by BB&T," (Answer & Defenses of BB&T Co. 1); (2) Defendant "would not have entered into the [transactions] but for [Mr. Alexander]'s representations" that the security deeds "had been signed by Plaintiff or, in the alternative, that Plaintiff authorized her signature," (Am. Answer ¶¶ 32, 30); and (3) Mr. Alexander thus is responsible "for the entire amount" of Plaintiff's damages, (*Id.* at ¶ 12.) In short, Defendant argues that it is not liable to Plaintiff because her dispute is with Mr. Alexander, not Defendant.

6

316, 324 (1945) (finding declaratory judgment inappropriate where the complaint was "but a request for an advisory opinion as to the validity of a defense"). Thus, under the circumstances of this case, the Court finds it appropriate to dismiss Defendant's claim for declaratory relief.

CONCLUSION

For reasons stated herein, the Court grants Plaintiff's Motion to Dismiss BB&T's Counterclaim (Doc. 11). The Court denies Plaintiff's Motion to Strike Certain Affirmative Defenses of BB&T and Require BB&T to Replead Its Answer (Doc. 12).

IT IS SO ORDERED, this 28th day of January, 2008.

\_\_S/Clay D. Land_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE